**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DESHAWN DRUMGO, | : | |
| | : | Civil Action No. 08-592 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CPL. REGINALD BROWN, | : | |
| SGT. THOMPSON, SGT. JAMES | : | |
| THOMAS, LT. STEVENSON, | : | |
| STAFF LT. KAREN D. | : | |
| HAWKINS, COUNSELOR RON | : | |
| HOSTERMAN, SGT. LLOYD | : | |
| MCGILL, BETTY BRIAN, | : | |
| DEPUTY WARDEN PIERCE, | : | |
| WARDEN PERRY PHELPS, | : | |
| LT. THOMAS SEACORD, and | : | |
| SGT. MICHAEL MAANS, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

DESHAWN DRUMGO, Plaintiff pro se
SBI # 365566
James T. Vaughn Correctional Center
Smyrna, Delaware 19977

**SIMANDLE**, District Judge

Plaintiff DeShawn Drumgo ("Drumgo"), currently confined at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint may proceed in part.

## I.   BACKGROUND

Drumgo brings this action, pursuant to 42 U.S.C. § 1983, against VCC correctional officers Cpl. Reginald Brown ("Brown"), Sgt. Thompson ("Thompson"), Sgt. James Thomas ("Thomas"), Lt. Stevenson ("Stevenson"), Staff Lt. Karen D. Hawkins ("Hawkins"), Sgt. Lloyd McGill ("McGill"), Lt. Thomas Seacord ("Seacord"), and Sgt. Michael Maans ("Maans"), as well as VCC Deputy Warden Pierce ("Pierce"), Warden Perry Phelps ("Phelps"), counselor Ron Hosterman ("Hosterman"), and nurse Betty Brian ("Brian").  (D.I. 2.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court makes no findings as to the veracity of Drumgo's allegations.

Drumgo alleges that on October 5, 2007, while a pretrial detainee, he was injured as a result of the excessive force of Brown, Thompson, and Stevenson, and that Thomas failed to protect him from the excessive force.  Drumgo alleges that "day-after-day" following the alleged assault Thompson, Thomas, and McGill brought him contaminated or tampered food (i.e., food containing a hairball covered in spit, unnamed specimens, and saliva). Drumgo spoke to Brown in an effort to resolve the matter.  Brown

2

told Drumgo that the "officers are just old buddies . . . [and] doing [him] a favor f---king with your food." (D.I. 2.)  Drumgo alerted Hawkins, Seacord, Hosterman, Pierce, and Phelps but they have failed to stop the harassment and/or threats of assault by Thomas.  Drumgo seeks injunctive relief and compensatory damages.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Drumgo.  Erickson v.

3

Pardus,550 U.S. 544, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  Drumgo is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3).  Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3).  "This 'does not

4

impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234.  Because Drumgo proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III.  SECTION 1983 ACTIONS

Drumgo brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250,

5

1255-56 (3d Cir. 1994).

## IV. <u>ANALYSIS</u>

### A. <u>Personal Involvement</u>

Brian and Maans are named as Defendants, but the Complaint does not contain any allegations directed towards them. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. <u>Sutton v. Rasheed</u>, 323 F.3d 236, 249 (3d Cir. 2003)(quoting <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)). Drumgo provides no facts to support a claim against Brian and Maans. Therefore, the Court will dismiss the claims against them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)and § 1915A(b)(1).

As to Hawkins, Hosterman, Pierce, Phelps, and Seacord, it is alleged that Drumgo alerted them of harassment by Brown's co-workers, but nothing was done. It appears, at least to some of these individuals, that they were named as Defendants based upon their supervisory positions. Liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Drumgo may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure

created an unreasonable risk of the ultimate injury, (3) the
supervisor was aware that this unreasonable risk existed, (4) the
supervisor was indifferent to the risk; and (5) the underling's
violation resulted from the supervisor's failure to employ that
supervisory practice or procedure." Brown v. Muhlenberg Twp.,
269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885
F.2d 1099, 1118 (3d Cir. 1989)).

Additionally, for personal involvement the Third Circuit
requires contemporaneous, personal knowledge and acquiescence,
not after the fact knowledge. See Rode v. Dellarciprete, 845
F.2d 1195, 1207 (3d Cir. 1988); Evancho v. Fisher, 423 F.3d 347
(3d Cir. 2005). Hence, Drumgo's allegations that the foregoing
Defendants did nothing after they became aware of the alleged
assault and harassment fails to rise to the level of a
constitutional violation. See e.g., Brooks v. Beard, 167 Fed.
Appx. 923, 925 (3d Cir. 2006) (allegations that prison officials
and administrators responded inappropriately to inmate's later-
filed grievances do not establish the involvement of those
officials and administrators in the underlying deprivation). For
the above reasons, the Court will dismiss the claims against
Hawkins, Hosterman, Pierce, Phelps, and Seacord as frivolous and
for failure to state a claim upon which relief may be granted
pursuant to 28 U.S.C. § 1915(e)(2)(B)and § 1915A(b)(1).

7

B.  Verbal Harassment

    Drumgo also appears to allege verbal abuse and harassment. Verbal abuse and harassment, however, do not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).  Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983.  Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).  To the extent that Drumgo alleges verbal abuse and harassment, those claims will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)and § 1915A(b)(1).

V.  CONCLUSION

    Therefore, for the reasons set forth above, the claims against Hawkins, Hosterman, Brian, Pierce, Phelps, and Seacord, as well as the verbal abuse/harassment claim will be dismissed as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Drumgo will be allowed to proceed against

8

Defendants Brown, Thompson, Thomas, Stevenson, and McGill. The Court expresses no opinion regarding the eventual merits, if any, of the claims against these remaining defendants.

An appropriate order accompanies this Opinion.

_Jerome B Simandle_
JEROME B. SIMANDLE
United States District Judge

Date: *Nov. 19, 2008*