**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DESHAWN DRUMGO, | : | |
| | : | Civil Action No. 08-592 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CPL. REGINALD BROWN, | : | |
| SGT. THOMPSON, SGT. JAMES | : | |
| THOMAS, LT. STEVENSON, | : | |
| STAFF LT. KAREN D. | : | |
| HAWKINS, SGT. LLOYD | : | |
| MCGILL, and SGT. MICHAEL | : | |
| MAANS, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    DESHAWN DRUMGO, Plaintiff pro se
    SBI # 365566
    James T. Vaughn Correctional Center
    Smyrna, Delaware 19977

    OPHELIA MICHELLE WATERS
    Deputy Attorney General
    Delaware Department of Justice
    Wilmington, Delaware
    Counsel for Defendants

**SIMANDLE**, District Judge:

    Plaintiff DeShawn Drumgo ("Drumgo"), currently confined at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The Court screened the Complaint and Amended Complaint, allowed Drumgo to proceed with certain claims, and dismissed several Defendants. Pending before the Court are several Motions filed by the parties including a

Motion to Set Aside Entry of Default, Motions for Default Judgment, Motion to Depose Plaintiff, and a Motion to Amend. (D.I. 33, 35, 39, 43, 54.)

## I. BACKGROUND

Mr. Drumgo brings this action, pursuant to 42 U.S.C. § 1983, alleging that on October 5, 2007, he was injured as a result of excessive force by correctional officers ant that other correctional officers failed to protect him. He also alleges that during the same time correctional officers tampered with his food. (D.I. 2.) Drumgo amended the Complaint on January 2, 2009, clarifying his claims and adding an access to the courts claim. (D.I. (9.) Drumgo recently filed a Motion to Amend to add a retaliation claim and new defendants as a result of events that occurred on July 16, 2010. (D.I. 54.)

Defendants were served, but did not timely answer. As a result, on May 7, 2010, the Clerk of Court entered default. (D.I. 32.) Defendants move to set side aside the entry of default and Drumgo moves for default judgment. (D.I. 33, 35, 39.) Finally, Defendants move to depose Drumgo. (D.I. 43.)

## II. DEFAULT

A default in appearance was entered on May 7, 2010 against Defendants Cpl. Reginald Brown, Sgt. Thompson, Lt. Stevenson, Staff Lt. Karen D. Hawkins, Sgt. Lloyd McGill, and Sgt. Michael Maans (collectively "Defendants"). (D.I. 32.) Defendants move to set aside the entry of default on the grounds that Drumgo will

not be prejudiced if the entry of default is set aside, they have meritorious defenses, and their failure to respond to the Complaint was due to excusable neglect as a result of miscommunication within the Delaware Department of Justice and through no fault of the individual defendants. (D.I. 33.) Drumgo opposes the Motion and moves for entry of Default Judgment. (D.I. 35, 39.)

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

The Court finds that Defendants have provided good cause for their failure to appear. Accordingly, the Court exercises its discretion, sets aside the default in appearance and will deny Drumgo's Motions for Entry of Default Judgment. Defendants shall file their Answer within ten (10) days of the entry of today's Order.

III. AMENDMENT

Drumgo moves to amend to add claims as a result of the July 16, 2010 actions of Sgt. Syrita Benson Williams, C/O Young, C/O

Warwick, and C/O Turner.  The claims appear to be excessive force and retaliation.  The proposed amendment alleges that Drumgo was maced and harassed and his legal documents were taken and destroyed.  Drumgo alleges the above-named individuals previously conspired on June 17, 2010 and returned a month later to seek "avengence . . . on behalf of a motion [he] filed" in a civil suit and also for past submitted grievances.  (D.I. 54.)

Defendants oppose the Motion on the grounds of substantial prejudice.  More particularly they contend that the proposed amendment does not comply with the requisites of Rule 15 and Drumgo seeks to construct new theories of liability and new defendants by strapping them onto the original complaint.  Drumgo recently filed a Reply contending that the retaliation is the result of a "snowball" effect and that amendment will not prejudice of delay anymore than Defendants taking two years to reply to the Complaint.  (D.I. 67.)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).  The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities."  Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).

4

Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

If possible, retaliation claims should be considered along with the original claims when the claims are clearly interrelated. There must, however, must be a factual relationship and temporal connection, that may limit a plaintiff's ability to amend his complaint to include such claims. See Hartley v. Clark, Civ. No. 3:09cv559RV/EMT, 2010 WL 1187879 (N.D. Fla. Mar. 23, 2010). It is far from clear in reading the proposed amended that Drumgo's claims are related to his initial pleadings. He alleges the retaliation is a result of past submitted grievances, but there is no indication the grievances had any connection to the original pleadings.

Drumgo also refers to a "motion" filed in a civil suit in the United States District Court as a motive for retaliation. Assuming Drumgo refers to this case, according to the Court docket, and prior to the July 16, 2010 occurrence, the only motions filed by Drumgo include: Motion to Proceed In Forma

5

Pauperis on September 19, 2008 (D.I. 1); Motion to Appoint Counsel on April 28, 2010 (D.I. 30); and Motions for Entry of Default Judgment on June 10, 2010 and June 18, 2010 (D.I. 35, 39). These Motions do not refer to any acts by the new individuals Drumgo seeks to add as defendants and are benign filings.

In viewing the proposed amendment, the proposed new retaliation claim does not appear to be logically or factually related to the original filings. Nor is the excessive force claim logically or factually related to the original pleadings. Indeed, the claims occurred three years after the original events that form the basis of the Complaint and were the result of individuals never before named as Defendants. Hence, in these circumstances, the Court finds that amendment is not appropriate. See Smith v. Goord, Civ. No. 04-CV-6432-CJS, 2006 WL 2850597, at *3 (W.D.N.Y. Sept. 22, 2006), Report and Recommendation adopted by 2007 WL 496371, at *3 (W.D.N.Y. Feb. 12, 2007) (retaliation claims against new defendants at subsequent facility would not be joined with the original case because (i) there was no overlap between the named defendants in both complaints; (ii) the events were separated by more than a year; and (iii) there was no claim that the original defendants were involved in the alleged retaliatory actions at the new facility). Drumgo's avenue of relief is to file a new complaint supporting the grounds for his new claims of retaliation and excessive use of force. If it

later appears that the new docket's complaint is related to the present docket, any party may move for consolidation under Fed. R. Civ. P. 42. For the above reasons, the Court will deny the Motion to Amend without prejudice. (D.I. 54.)

### IV. DEPOSITION

Defendants seek leave of the Court and move to depose Drumgo, an incarcerated individual pursuant to Fed. R. Civ. P. 30(a)(2). (D.I. 43.) The Court will grant the Motion. Defense counsel may make appropriate arrangements for a deposition through the warden of Plaintiff's place of confinement.

### V. CONCLUSION

Therefore, for the reasons set forth above, the Motion to Set Aside Clerk's Entry of Default will be granted, the Motions for Default Judgment will be denied, the Motion to Amend will be denied without prejudice to filing a separate complaint, and the Motion to Depose Plaintiff will be granted.

An appropriate Order accompanies this Opinion.

                                             **s/ Jerome B. Simandle**
                                             JEROME B. SIMANDLE
                                             United States District Judge

Date: **September 15, 2010**