NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | : |
| | : Civ. No. 08-592 (JBS-AMD) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CPL. REGINALD BROWN, | : **MEMORANDUM** |
| SGT. THOMPSON, SGT. JAMES | : **OPINION** |
| THOMAS, LT. STEVENSON, | : |
| STAFF LT. KAREN D. HAWKINS, | : |
| SGT. LLOYD MCGILL, and | : |
| SGT. MICHAEL MAANS, | : |
| | : |
| Defendants. | : |

**SIMANDLE,** District Judge

Plaintiff DeShawn Drumgo ("Drumgo"), currently confined at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. Defendants move for an extension of time to complete discovery and to file dispositive motions. (D.I. 84.) Drumgo requests counsel and moves for an extension of time to respond to Defendants' Motion for Summary Judgment, to deny, or to "stay" the Motion for Summary Judgment until discovery is complete. (D.I. 83, 103, 109.)

I. BACKGROUND

On September 15, 2010, the Court entered a Scheduling Order

for discovery to be completed on or before January 31, 2011 and for summary judgment motions to be filed on or before February 15, 2011. (D.I. 70.) Drumgo served a Request for Production of Documents upon Defendants on September 28, 2010. (D.I. 72.) Drumgo served a Second Request for Production of Documents and Interrogatories upon Defendants on February 7, 2011, after the expiration of the discovery deadline. (D.I. 80.) He filed the Second Request for Production of Documents as a "follow-up to compel because nothing that was requested was received." (D.I. 94.)

Approximately one month later, Drumgo filed a Request for an Attorney. (D.I. 83.) Next, Defendants filed a Motion for an Extension of Time until April 29, 2011 to complete discovery and until June 30, 2011 to file dispositive motions. (D.I. 84.) Defendants advise that they had responded to the first discovery request and were preparing appropriate responses to the new request and that Drumgo refused to stipulate to an extension of time. The court docket indicates that Defendants responded to Drumgo's discovery requests on March 9, 11, and 18, 2011. (D.I. 87-92, 95.) Next, on June 30, 2011, Defendants filed a Motion for Summary Judgment. (D.I. 99.) Drumgo states that Defendants have not provided him with complete discovery, and he moves for an extension of time to respond to the motion or to stay the motion pending receipt of discovery. (D.I. 103, 109.)

## II. REQUEST FOR COUNSEL

Drumgo moves for counsel on the basis that he has limited knowledge of the law, he is unable to afford counsel, he has limited access to the law library, a legal issue has arisen that is beyond his ability to comprehend, and he has approached an obstacle in the proceedings that he cannot properly articulate. (D.I. 83.)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the Court finds that Drumgo's claim has arguable merit in fact and law. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron v. Grace, 6 F.3d at 155-

57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time. To date, Drumgo has ably presented his claims and there is no evidence that prejudice will result in the absence of counsel. Moreover, should the need for counsel arise later, one can be appointed at that time. Therefore, the Court will deny without prejudice the request for counsel. (D.I. 83.)

## III. DISCOVERY

Drumgo complains that Defendants have not provided him with "complete" discovery. He wishes to receive at least ninety per cent of the discovery he has sought. (D.I. 103, 109.) He asks the Court to deny or, in the alternative, to stay Defendants' Motion for Summary Judgment pending receipt of said discovery.

The Court has reviewed Drumgo's discovery requests as well as Defendants' responses and objections. The Court finds that Defendants have adequately responded to the discovery requests. Their objections that certain requests are overly broad, irrelevant, or seek privileged matter are well-taken and, even when Defendants raised an objection, they responded to the request. Discovery appears complete. Accordingly, the Court will deny the motions to deny or, in the alternative, to stay

4

Defendants' Motion for Summary Judgment pending completion of discovery. (D.I. 103, 109.)

IV. EXTENSIONS OF TIME

The Court will grant Defendants' Motion to Extend Time to complete discovery and to file dispositive motions. (D.I. 84.) Defendants sought deadlines until April 29, 2011 to complete discovery and until June 30, 2011 to file dispositive motions. Defendants provided discovery and filed a dispositive motion within that time frame. Accordingly, the Court considers Defendants' discovery responses and Motion for Summary Judgment timely filed.

In addition, the Court will grant Drumgo's Motion to Extend time to respond to Defendants' Motion for Summary Judgment. (D.I. 103.) Drumgo will be given additional time to respond to the Motion for Summary Judgment until October 25, 2011. Any reply by Defendants will be due on November 9, 2011.

V. CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice Drumgo's Request for Counsel; (2) grant Defendants' Motion to Extend Time to Complete Discovery and to File Dispositive Motions; (3) grant Drumgo's Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment; and (4) deny

Drumgo's Motion to Deny or Dismiss Defendants' Motion for Summary Judgment or, in the alternative, to Stay the Motion pending receipt of discovery. (D.I. 83, 99, 103, 109.)

An appropriate order accompanies this Opinion.

                                                  JEROME B. SIMANDLE
                                                  United States District Judge

Date: October 5, 2011