IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-592-GMS |
| | ) |
| CPL. REGINALD BROWN, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

### I. Introduction

The plaintiff, DeShawn Drumgo ("Drumgo"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. Pending before the court is Drumgo's motion for injunctive and/or immediate transfer or interstate compact. (D.I. 135.)

### II. Background

Drumgo claims that he is being retaliated against as a result of filing this lawsuit. His motion contains a litany of complaints of actions taken by correction personnel, all of which Drumgo claims are in retaliation. He seeks a transfer from the VCC.

### III. Discussion

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution.

*Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

Drumgo requests a transfer to a different correctional facility. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor,* 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State,* No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251(1983). Drumgo's request goes directly to the manner in which the Delaware Department of Correction operates it prison, and an injunction would substantially harm the defendant. *See Carrigan v. State of Delaware,* 957 F. Supp. 1376, 1385 (D. Del. 1997). Additionally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Id.*

Drumgo has not demonstrated the likelihood of success on the merits. Additionally, there is no evidence that at the present time, Drumgo is in danger of suffering irreparable harm. Drumgo has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the court will deny his motion.

**IV. Conclusion**

IT IS HEREBY ORDERED that the motion for injunctive relief is **denied.** (D.I. 135.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Nov 18, 2013
Wilmington, Delaware

2