IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DESHAWN DRUMGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 08-592-GMS |
| | ) | |
| CPL. REGINALD BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 4ᵗʰ day of April , 2014, having considered the plaintiff's

motion for reconsideration (D.I. 146):

The plaintiff, DeShawn Drumgo moves for reconsideration of the Court's March 11,

2014 order wherein the court denied his motion to amend and motion to withdraw attorney. (*See*

D.I. 145.) The purpose of a motion for reconsideration is to "correct manifest errors of law or

fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one

of three grounds: (1) an intervening change in controlling law; (2) the availability of new

evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA*

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not

properly grounded on a request that a court rethink a decision already made. *See Glendon*

*Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

The court denied Drumgo's motion to withdraw attorney on the grounds that it was not

timely filed. Drumgo has presented evidence that he sought withdrawal of counsel in a timely

manner. Therefore, the court will vacate that portion of the order that denied the motion to withdraw and will grant the motion to withdraw.

With regard to the motion to amend, the court finds that Drumgo has failed to demonstrate any of the necessary grounds to warrant reconsideration of that portion of the order that denied the motion to amend.

THEREFORE, IT IS ORDERED that:

1. The plaintiff's motion for reconsideration (D.I. 146) is **granted** in part and **denied** in part.

2. That portion of the March 11, 2011 order (D.I. 145) denying the motion to withdraw attorney is **vacated**.

3. The motion to withdraw attorney (D.I. 142) is **granted**.

4. Thad J. Bracegirdle is withdrawn as counsel for the plaintiff who will proceed pro se pending a second attempt to refer his representation to a member of the Federal Civil Panel.

IT IS FURTHER HEREBY ORDERED that:

1. The Clerk of Court is directed to attempt to refer representation of the plaintiff to a member of the Federal Civil Panel.

2. The court's Standing Order regarding the establishment of a Federal Civil Panel to provide legal representation to indigent parties in certain civil litigation is incorporated herein by reference.

3. The matter is **stayed** pending the attempt to refer representation of the plaintiff to a member of the Federal Civil Panel.

4. The plaintiff is place on notice that the court will not consider filings while the matter is stayed. Filings will be docketed, but not considered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

3